UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Kelly Lewis Daniels, #256138, ) | C/A No. 2:12-123-MBS-BHH |
| ) | |
| Plaintiff, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| v. ) | |
| ) | |
| Lieber C. Inst. Ann Shepperd, Captain; ) | |
| Lieber C. Inst. J. Kotae, Captain; ) | |
| Lieber C. Inst. Albert Mack, Lt.; ) | |
| Lieber C. Inst. Travis Guest, Sgt.; ) | |
| Lieber C. Inst. Ronald Wilkens, Cpl., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Kelly Lewis Daniels ("Plaintiff"), proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections ("SCDC"), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. The Complaint should be dismissed for failure to state a claim on which relief may be granted.

Review pursuant to the Prison Litigation Reform Act (PLRA)

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

(4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, the *pro se* Complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the Court, *Beaudett v. City of*

*Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## Background

Plaintiff alleges that on July 3, 2011, he was in a holding cell, and Captain Ann Shepperd and Captain J. Kotae pulled him out of the cell to get his SMU bag. He alleges that Shepperd and Kotae inventoried Plaintiff's property, and that they placed the SMU bag, mattress, legal materials, and legal box in a yellow bin, which had trash inside it from someone else's cell. Plaintiff alleges that at some point his mattress and SMU bag, with sheets, blanket, two socks, two boxer shorts, and shower shoes, were delivered to him. However, he alleges that his entire legal box containing all of his legal papers was never returned to him. Plaintiff alleges that beginning on July 13, 2011, he began to write to several prison officials so that he could find his legal box by sending requests to staff and a prison grievance, but that no one would respond to him. Plaintiff seems to allege that he has received no explanation for his missing legal box. Plaintiff alleges that "SCDC neglected to do their job properly and orderly in the handling of my legal documents, gross negligence." Plaintiff alleges that Defendants' misconduct violated his constitutional rights, and he seeks money damages. Additionally, Plaintiff seems to seek relief pursuant to the Federal Tort Claims Act for a claim for damage or loss to personal property.

## Discussion

This Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere

3

conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief." *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, Plaintiff failed to state a cognizable § 1983 claim because his alleged facts do not support a claim of a constitutional or federal law violation.

The Supreme Court has held that a negligent deprivation of personal property does not violate the Constitution's due process clause. *See Daniels v. Williams*, 474 U.S. 327, 328-336 (1986). Section 42 U.S.C. § 1983 does not impose liability for violations of duties of care arising under state law. In other words, "[t]he Due Process Clause of the Fourteenth Amendment . . . does not transform every tort committed by a state actor into a constitutional violation." *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200-203 (1989). The Fourth Circuit Court of Appeals also has held that random and unauthorized deprivations of personal property by state officials do not rise to a federal due process violation where the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. *See Mora v. City of Gaithersburg, Md.*, 519 F.3d 216, 230-31 (4th Cir. 2008); *Bogart v. Chapell*, 396 F.3d 548, 561-63 (4th Cir. 2005); *Yates v. Jamison*, 782 F.2d 1182, 1183-1184 (4th Cir. 1986).

In South Carolina, the state provides post-deprivation procedures to secure the return of the property or to compensate for the loss. Under South Carolina law, Plaintiff's

negligence claims relating to his lost property may be cognizable under the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-10 *et seq.* Section 15-78-30 and its subparts encompass a "loss" of property from an occurrence of negligence proximately caused by a person employed by the State of South Carolina, a state agency, or political subdivision while acting within the scope of his or her employment. Suits brought under the South Carolina Tort Claims Act must be brought in a state court within the boundaries of South Carolina. *See* S.C. Code Ann. §15-78-20(e) (providing that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court). Thus, Plaintiff cannot pursue a claim under the South Carolina Tort Claims Act in this Court.

Even if Plaintiff had alleged that Defendants intentionally misplaced or disposed of his legal box, which he did not allege, Plaintiff has remedies under South Carolina law to obtain relief in state court. *See Hudson v. Palmer*, 468 U.S. 517, 530-536 (1984) (holding that intentional deprivations of property by state employees do not violate due process until and unless the state refuses to provide a suitable post-deprivation remedy); *Mora*, 519 F.3d at 230-31 (finding that the state courts were open to Mora for claims of conversion or trespass to chattels and there was no reason to think that the state process was constitutionally inadequate). *See also Samuel v. Ozmint*, C/A No. 3:07-178-PMD-JRM, 2008 WL 512736, at *7 (D.S.C. Feb. 25, 2008) (noting that claims related to taking of personal property are cognizable under South Carolina state law); *Greene v. Stonebreaker*, C/A No. 9:06-3392-PMD-GCK, 2007 WL 2288123, at *6 (D.S.C. Aug. 6, 2007) (noting that a person in South Carolina appears to have adequate post-deprivation remedies for personal property loss). Accordingly, even if Defendants had intentionally disposed of Plaintiff's personal

property, Plaintiff has an available state remedy -- an intentional tort civil action in the South Carolina courts.

Finally, to the extent Plaintiff seeks to proceed under the Federal Tort Claims Act ("FTCA"), this Court lacks jurisdiction over the claim. A suit under the FTCA lies only against the United States, which is not named as a defendant. *See* 28 U.S.C. § 2674; *Cibula v. United States*, No. 10-1245, 2012 WL 34476, at *1 (4th Cir. Jan. 9, 2012). Also, a claim under the FTCA may be brought based on actions or omissions of employees of the United States government, not employees of the South Carolina government. *See* 28 U.S.C. §§ 1346, 2674.

## Recommendation

Accordingly, it is recommended that this Court dismiss the Complaint in the above-captioned case *without prejudice*. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

s/Bruce Howe Hendricks
United States Magistrate Judge

January 26, 2012
Charleston, South Carolina


### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on

the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

7